IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FOREST OIL CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-00021 |
| | § | |
| BRANTA EXPLORATION & PRODUCTION, | § | JURY |
| LLC; BRANTA OPERATING COMPANY, LLC; | § | |
| BRANTA, LLC; GUGGENHEIM CORPORATE | § | |
| FUNDING, LLC; BRANTA FUNDING II, LLC; | § | |
| AND CROSSOVER RESOURCES, LLC; | § | |
| | § | |
| DEFENDANTS. | § | |

FOREST OIL CORPORATION'S (1) DENIAL OF
CORE PROCEEDING AND (2) MOTION FOR REMAND OR ABSTENTION

Forest Oil Corporation ("Forest") respectfully submits this Denial of Core Proceeding under FED. R. BANKR. P. 9027(e)(3) and Motion for Remand or Abstention under FED. R. BANKR. P. 9027(e), 28 U.S.C. § 1452(b), 28 U.S.C. § 1334(c)(1), and 28 U.S.C. § 1334(c)(2):

SUMMARY OF MOTION

Defendants removed this lawsuit grounded in state tort and property law asserting that bankruptcy jurisdiction exists because the outcome of the suit could potentially reduce the liabilities of a non-party bankrupt entity. But this action does not implicate bankruptcy law and will have little, if any, effect on the administration of the non-party's bankruptcy estate—i.e., there is no legitimate bankruptcy-related purpose for the removal. There is also no independent basis for federal jurisdiction, and comity compels that sensitive state-law claims—e.g., adjudication of real-property title—be left to state courts when possible. For these reasons and others, § 1334(c)(2) mandates that this Court decline jurisdiction over this matter, and in its discretion, this Court should also abstain from and remand the case under §§ 1334(c)(1) and 1452(b).

FACTS

1. On November 15, 2010, Forest filed its Original Petition & Request for Disclosure ("Original Petition") in Upshur County, Texas against Branta Exploration & Production, LLC ("Branta Exploration"), Branta Operating Company, LLC ("Branta Operating"), Branta, LLC

1

("Branta LLC," and together with Branta Exploration and Branta Operating, "Branta"), and Guggenheim Corporate Funding, LLC ("Guggenheim").[1]

2. The Original Petition contained approximately fifteen state-law causes of action. In substance, Forest sought recovery from the Defendants for their individual and joint participation in tortious conduct surrounding Forest's relationship with Branta Production Company, LLC ("Branta Production") and certain properties once jointly owned by Forest and Branta Production. Forest also sought an adjudication of title of certain real property located in Upshur County, Texas. A limited number of the causes of action did seek to hold the Defendants derivatively liable for certain debts and obligations of Branta Production.[2]

3. On January 7, 2011, Branta Production filed for relief under the Bankruptcy Code in the Houston Division of the Southern District of Texas.[3]

4. Forest filed its First Amended Petition and Application for Injunctive Relief ("Amended Petition") in this lawsuit on January 19, 2011. The Amended Petition altered Forest's real-property claims to account for two foreclosure sales conducted by Guggenheim after the Original Petition was filed and added a claim for injunctive relief under certain contracts burdening the property at issue. The Amended Petition also joined Branta Funding II, LLC ("Branta Funding")—an entity affiliated with Guggenheim, not Branta—and Crossover Resources, LLC ("Crossover") as Defendants in conjunction with Forest's real-property and injunctive claims.[4] Nevertheless, the Amended Petition still contains only state-law claims.[5]

---

[1] *See generally* Defs.' Notice of Removal, Ex. 2.
[2] *See generally id.*
[3] *See id.* at ¶ 2.
[4] *See generally id.*, Ex. 6.
[5] To the extent, if any, that Forest's substantive claims would implicate the bankruptcy trustee's powers of avoidance in any respect with regard to transfers of money or property to any of the Defendants, Forest recognizes that it cannot separately pursue those claims. In that regard, Forest hereby strikes Count VIII (¶¶ 72-77) of its Amended Petition pursuing fraudulent transfers into the Defendants from Branta Production.

5. Branta removed the entire case—all claims and all parties—to this Court on January 20, 2011 by filing its Notice of Removal ("Notice"). The Notice argues that the "gravamen of Plaintiff's claims is . . . that the Defendants are responsible for [Branta Production's] conduct, and for [Branta Production's] resulting debt to Plaintiff."[6] It then concludes that jurisdiction exists under the Bankruptcy Code because the outcome of this lawsuit could positively affect Branta Production's bankruptcy estate.[7] Branta also claims that this is core proceeding under the Bankruptcy Code.[8]

6. Branta Production has never been a party to this lawsuit.[9]

## DENIAL OF CORE JURISDICTION

7. Pursuant to FED. R. BANKR. P. 9027(e), Forest denies that this matter constitutes a core proceeding under 28 U.S.C. § 157 and does not consent to the bankruptcy court's entry of final orders or judgment in this case.

## MOTION FOR REMAND OR ABSTENTION

8. Congress has provided several avenues to contest the removal of bankruptcy-related actions under § 1452(a). First, § 1334(c)(2) requires mandatory abstention in some circumstances:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Second, under §§ 1334(c)(1), a court may decline to exercise bankruptcy jurisdiction over a case:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

---

[6] Defs.' Notice of Removal ¶ 4.
[7] *Id.*
[8] *Id.* at ¶ 5.
[9] *See generally id.* at Ex. 2 and Ex. 6.

Third, § 1452(b) allows a court to remand a suit removed under § 1452(a) "on any equitable ground."

9. Forest seeks relief under each of these avenues. As illustrated below, the circumstances surrounding this suit require mandatory abstention and warrant application of the permissive-abstention and equitable-remand provisions. Accordingly, Forest asks that this Court decline jurisdiction over this matter and remand it in its entirety to the 115th District Court of Upshur County, Texas.

I. **The mandatory-abstention provision of § 1334(c)(2) requires that this Court abstain from exercising jurisdiction over this case.**

10. Section 1334(c)(2) requires abstention in cases satisfying four elements: "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."[10]

11. This case meets each element of the mandatory-abstention analysis. First, no independent basis for federal jurisdiction exists in this lawsuit. The Amended Petition does not contain a federal question—i.e., all of Forest's causes of action arise under Texas state law. Diversity jurisdiction is also not available because there is not complete diversity between the parties.[11] For example, Forest is a New York corporation and Guggenheim's principal place of business is in New York.[12] The

---

[10] *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir. 1997). *See also Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292 (5th Cir. 2007) (discussing mandatory-abstention elements).

[11] *See Lincoln Prop. Co. Roche*, 546 U.S. 81, 89 (2005) (noting that diversity jurisdiction is not available unless complete diversity exists between all plaintiffs and all defendants).

[12] *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" for the purposes of a diversity-jurisdiction analysis).

4

only grant of federal jurisdiction that arguably applies is bankruptcy-related jurisdiction under § 1334(b), which does not defeat abstention.[13]

12. Second, this lawsuit is not a core proceeding. Core proceedings "invoke a substantive right provided by title 11 or could arise only in the context of a bankruptcy case."[14] Thus, core proceedings are those that arise in or arise under title 11, as described in § 1334.[15] Forest's causes of action (i) arise only under the state law of Texas (and were being entertained in a Texas court well before Branta Production's bankruptcy petition was filed), (ii) are not against Branta Production, and (iii) are entirely independent of any bankruptcy law or proceeding. These claims do not invoke title 11 or arise only in the bankruptcy context, and accordingly, there is no basis for a finding that this lawsuit is a core proceeding.

13. Non-core proceedings are those founded in related-to jurisdiction[16]—e.g., "suits between third parties which have an effect on the bankruptcy estate."[17] If bankruptcy jurisdiction exists in this case, it is certainly limited to related-to jurisdiction:[18] jurisdiction could only arise because Forest's limited claims for derivative liability against the non-debtor Defendants could conceivably benefit Branta Production's bankruptcy estate. In fact, this is exactly the basis of jurisdiction alleged

---

[13] Branta's claims that subject-matter jurisdiction exists under § 1334(b) are unconvincing. *See, e.g., Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 923-924 (5th Cir. 2004) (noting that "[a] third party action which does not directly involve a debtor in bankruptcy is not related to the bankruptcy, but is, at best, a precursor to a claim against the debtor"); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (urging the axiom that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"). As in *Coward*, if Forest prevailed against the Defendants in this lawsuit, Branta Production's liability to Forest would not necessarily be reduced or otherwise affected, and certainly, Branta Production's liability to Forest could not be affected, if at all, until this lawsuit is fully adjudicated. Additionally, the Defendants do not have a valid claim for contribution against the bankruptcy estate under any judgment in this suit until a judgment exists. *Id.* at 923. Related-to jurisdiction, consequently, does not exist until this suit is finally resolved. Additionally, any claim of this Court's jurisdiction stemming from Forest's fraudulent-transfer claims is moot: Forest has abandoned those claims. *See supra* text accompanying note 5.
[14] *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009).
[15] *See Wilborn v. Wells Fargo, N.A. (In re Wilborn)*, 609 F.3d 748, 752 (5th Cir. 2010) (describing arising-under and arising-in jurisdiction in the exact terms).
[16] *EOP-Colonnade of Dallas Ltd. P'ship v. Faulkner (In re Stonebridge Tech., Inc.)*, 430 F.3d 260, 266 (5th Cir. 2005).
[17] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)).
[18] *See supra* text accompanying note 13.

by Branta in its Notice and the case relied upon by Branta arguably supports.[19] This suit is necessarily a non-core proceeding.

14. Third, this lawsuit was commenced in state court months before Branta Production filed for bankruptcy protection and could easily resume in Upshur County, Texas.

15. Fourth, the action could be adjudicated in a timely manner if remanded to state court. There is no reason to expect that the state court could not appropriately resolve this case; indeed, it would likely be adjudicated more quickly in state court. Forest expects that the 115th District Court of Upshur County, Texas has significantly more space on its docket for this action than this Court, which is located in one of the busiest divisions of the United States' district-court system. Forest also anticipates that the Defendants will eventually attempt to transfer this matter to the Houston Division of the Southern District of Texas, which is located in the fourth-largest city in the United States and, presumably, another of the more-occupied federal divisions.

16. Additionally, as indicated above, this lawsuit would constitute a non-core proceeding and Forest will not consent to the bankruptcy court's entry of final orders or judgment in this case. Thus, if this matter is eventually transferred a bankruptcy court for trial, it would essentially have to be heard twice—i.e., once by the bankruptcy court and then again by the district court.[20] The state court, however, could render judgment without the submission-and-review process required under 28 U.S.C. § 157(c). As a result, the state court could dispose of this action more efficiently than the federal courts, assuming the case is eventually transferred or referred to a bankruptcy court. In sum, Forest can satisfy each of the mandatory-abstention elements enumerated by the Fifth Circuit, and

---

[19] *See* Defs.' Notice of Removal ¶ 4 (stating that if Forest is successful "the Debtor's estate would be increased by the amounts paid to the Plaintiff by Defendants for claims derived out of the Debtor's conduct, claims, and liabilities. There is, therefore, little question as to federal bankruptcy jurisdiction justifying removal"); *Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 588 (5th Cir. 1999) (holding that a suit that could potentially reduce the liabilities of a bankruptcy estate produced "an effect sufficient to confer 'related to' jurisdiction").

[20] *See* 28 U.S.C. § 157(c) (describing process).

consequently, this Court should abstain from exercising jurisdiction over this case under § 1334(c)(2).

II.  **This Court should also abstain from exercising jurisdiction over this case and remand the matter to state court on equitable grounds pursuant to §§ 1334(c)(1) and 1452(b).**

17. This Court also should abstain from hearing this case and remand it under the permissive-abstention rule in § 1334(c)(1) and the equitable-remand provision of § 1452(b). First, "under the discretionary or permissive abstention doctrine, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law."[21] Second, under § 1452(b), a court may remand any removed action to state court "on any equitable ground." The jurisdictional distinctions—i.e., arising-under, arising-in, or related-to jurisdiction—also do not necessarily affect a court's ability to exercise either permissive abstention or equitable remand under these statutes.[22]

18. "Because the discretionary abstention and equitable remand doctrines are similar, there is an overlap between the two regarding factors for a court to consider."[23] And the courts of the Eastern District of Texas have consistently employed the same fourteen considerations while weighing the doctrines:

1) The effect or lack thereof on the efficient administration of the estate if the Court recommends remand or abstention;

2) Extent to which state-law issues predominate over bankruptcy issues;

3) Difficult or unsettled nature of applicable law;

4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

5) Jurisdictional basis, if any, other than § 1334;

---

[21] *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 784 (E.D. Tex. 2001) (Cobb, J.). *See also Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996) (discussing permissive abstention under § 1334(c)(1)).
[22] *See generally* 28 U.S.C. § 1334(b), *and* 28 U.S.C. § 1452(b).
[23] *Broyles*, 266 B.R. at 785.

    6)        Degree of relatedness or remoteness of proceeding to main bankruptcy case;

    7)        The substance rather than the form of an asserted core proceeding;

    8)        The feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    9)        The burden of the federal court's docket;

    10)      The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

    11)      The existence of a right to a jury trial;

    12)      The presence in the proceeding of non-debtor parties;

    13)      Comity; and

    14)      The possibility of prejudice to other parties in the action.[24]

Additionally, "[n]o one factor is determinative, and the Court must balance with flexibility in light of the circumstances in a particular controversy."[25]

19. Considering these factors, it is readily apparent that this Court should exercise its discretion to remand this case under the permissive-abstention and equitable-remand doctrines. This lawsuit is between non-debtor parties and involves only state-law claims. It also involves sensitive state-specific issues—e.g., property rights and title adjudication[26]—and will implicate difficult and unsettled state-law theories, such as Forest's assisting-and-encouraging and joint-enterprise theories of liability.[27] Moreover, the case was ongoing in state court before Branta Production filed its

---

[24] *See, e.g., Broyles*, 266 B.R. at 785; *Crawford v. Paris Primary Care Group*, No. 3:01-CV-55, 2003 U.S. Dist. LEXIS 4365, at *5-6 (E.D. Tex. 2003) (Davis, J.); *Blue Water Endeavors, LLC v. AC & Sons, Inc.*, No. 08-10466, 2011 Bankr. LEXIS 67, *27-29 (Bankr. E.D. Tex. 2011) (Parker, J.). *See also N. Nat. Gas, Co. v. Sheerin*, No. SA-03-CA-304-RF, 2003 U.S. Dist. LEXIS 20049, at *25-26 (W.D. Tex. 2003) (Citing *Broyles, supra* note 21) (discussing fourteen factors in same context).
[25] *Sheerin*, 2003 U.S. Dist. LEXIS 20049, at *26.
[26] *See, e.g., In re Hursa*, 87 B.R. 313, 324 (Bankr. D.N.J. 1988) (holding that adjudication of property rights was "an issue best addressed by the state court which has the expertise to decide the matter").
[27] *See, e.g., Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (discussing assisting-and-encouraging liability without expressly adopting or rejecting theory).

bankruptcy petition and could easily resume in the same court. Forest's Amended Petition also demands a jury trial.

20. This lawsuit implicates no bankruptcy or other federal law. If it exists at all, this Court's jurisdiction arises under the fringe of § 1334, and certainly, the Defendants could not have removed this case but for § 1334. Additionally, the outcome of this suit will not affect the efficient administration of the bankruptcy estate, and the suit is not related to or dependent on Branta Production's bankruptcy in any fashion.

21. The only explanation for the removal of this case to federal court is forum shopping. Forest expects that the only motives underlying the removal of this case were (1) to seek a generally presumed more defendant-friendly environment in federal court and (2) to eventually relocate this case to the Southern District of Texas, which is closer to the offices of Defendants and Defendants' respective counsel in and near Houston, Texas. The Defendants' forum-shopping motives are evidenced by the fact that they (i) would not benefit from any protections afforded by the Bankruptcy Code or a bankruptcy court[28] and (ii) removed the entire suit and all parties to federal court, including matters that could have no plausible effect on Branta Production's bankruptcy estate regardless of outcome. Branta is simply attempting to take advantage of another's bankruptcy to obtain federal jurisdiction.

22. Additionally, Defendants certainly cannot appeal to a need for more efficient or expedient attention as a basis for removal. First, as discussed previously, it is difficult to imagine that the 115th District Court of Upshur County, Texas is more burdened than any court in either of two of the busiest divisions of the United States' district-court system. Second, every Defendant that has appeared in this lawsuit has already sought multiple extensions of deadlines from Forest.

---

[28] *See Broyles*, 266 B.R. at 786 (stating that removal by a non-debtor evidenced forum-shopping intent).

23. Further, comparing the facts of this case to others applying these doctrines indicates that abstention and remand are appropriate. In *Broyles*, for example, two non-debtor defendants removed a breach-of-contract suit to the Beaumont Division of the Eastern District of Texas under §§ 1452(a) and 1334(b).[29] The plaintiffs moved for equitable remand and permissive abstention under §§ 1452(b) and 1334(c)(1), respectively.[30] After reciting the fourteen-factor analysis, the court found remand and abstention appropriate because (i) returning the suit to state court would not adversely affect the administration of the debtor's estate, (ii) the debtor could be severed from the state-court suit if necessary, (iii) only state causes of action were at issue, (iv) the dispute was "only peripherally related to [the debtor's] bankruptcy petition," (v) a state-court suit was ongoing, (vi) state-law issues would be predominate in the lawsuit, (vi) several issues were "more appropriate to state court adjudication," (vii) the state court would be "more closely attuned" to the administration of Texas law, (viii) § 1334 provided the only jurisdictional basis for removal, and (ix) the evidence suggested that the purpose of the non-debtor defendants' removal was forum shopping.[31]

24. Similarly, in *Crawford*, the plaintiff filed a medical-malpractice lawsuit in Eastern District of Texas against debtor and non-debtor defendants, asserting jurisdiction under § 1334(b).[32] The defendants, however, moved the court to abstain from exercising jurisdiction under § 1334(c)(1).[33] Judge Leonard Davis eventually found abstention appropriate under the fourteen-factor test, citing that (i) state-law issues predominated over bankruptcy issues, (ii) Texas courts were "certainly capable" of resolving the state-law claims, (iii) no independent basis for federal jurisdiction existed, (iv) the case would have "little, if any, effect on the efficient administration" of the bankruptcy

---

[29] *Broyles*, 266 B.R. at 781.
[30] *Id.*
[31] *Id.* at 785-786.
[32] *Crawford*, 2003 U.S. Dist. LEXIS 4365, at *2-3.
[33] *Id.* at *4.

10

estate, and (v) there was "no reason to believe that the state court action would not proceed to trial as expeditiously as in [the federal court]."[34]

25. The facts supporting abstention and remand under §§ 1452(b) and 1334(c)(1) in *Broyles* and *Crawford* exist in this suit—e.g., this matter consists of state-law claims that a state court could efficiently resolve,[35] there is no basis for federal jurisdiction other than bankruptcy-related jurisdiction, and this suit is related only peripherally, if at all, to Branta Production's bankruptcy. Abstention and remand are all the more appropriate in this matter because the debtor is not a party to the lawsuit[36] and no legitimate bankruptcy-related purpose exists to justify the removal. As a result, this Court should recognize Forest's right to permissive abstention and equitable remand under the fourteen-factor analysis and grant its prayed-for relief accordingly.

### III. The Court should entertain this Motion for Remand or Abstention before considering the merits of the expected motion to transfer from the Defendants.

26. Forest expects the removing Defendants to file a motion to transfer this matter to the Houston Division of the Southern District of Texas in the near future. If this occurs, Forest's Motion should receive the Court's attention first—i.e., as Judge Keith P. Ellison of the Houston Division of the Southern District of Texas recently phrased it, "[c]ourts should decide whether remand and abstention are proper before entertaining motions to transfer venue."[37] This order of consideration is especially appropriate in this case since transferring the matter would only result in delay because the Code's abstention and remand provisions clearly apply.[38]

---

[34] *Crawford*, 2003 U.S. Dist. LEXIS 4365, at *5-6.
[35] *See also Blue Water Endeavors*, 2011 Bankr. LEXIS 67, *29-30 (noting existence of "deference to the right of state courts to adjudicate disputes based on state law").
[36] *See id.* at *27 (finding that it was "clear that the proper course of action" was to grant remand where the court was "individual, non-debtor plaintiffs seeking a remedy against non-debtor defendants"); *Sheerin*, 2003 U.S. Dist. LEXIS 20049, *28 (indicating that absence of debtor favors equitable remand).
[37] *Technomedia Inter., Inc. v. TWL Skill Ventures, LLC*, No. 4:08-cv-03630, 2009 U.S. Dist. LEXIS 126495, at *2 (S.D. Tex. 2009).
[38] *See NI Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 612 (N.D. Okla. 2000) (concluding that remanding the action was more appropriate because transferring the action "would merely delay what must occur in th[e] action, and would therefore result in a waste of judicial resources").

## CONCLUSION & PRAYER

This Court should not exercise jurisdiction over or entertain this lawsuit. First, mandatory abstention applies under § 1334(c)(2) because (i) this is a non-core proceeding, (ii) federal jurisdiction exists only under § 1334(b), if at all, (iii) the action began in state court, and (iv) the suit could be timely adjudicated in state court. Second, permissive abstention and equitable remand should be exercised because the overwhelming majority of factors this Court should consider while examining the doctrines favor state-court consideration of this suit. Therefore, Forest prays that this Court decline jurisdiction over this case and remand it in its entirety to the 115th District Court of Upshur County, Texas.

Respectfully submitted,

**SHACKELFORD, MELTON & MCKINLEY, LLP**

/s/ D.J. Beaty
Martin P. Averill
Texas Bar No. 24025231
maverill@shacklaw.net
Nugent D. Beaty, Jr.
Texas Bar No. 24064872
djbeaty@shacklaw.net
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
(214) 780-1400 (Telephone)
(214) 780-1401 (Facsimile)

**ATTORNEYS FOR FOREST OIL CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of January 2011, a true and correct copy of the foregoing document was served upon the following counsel of record:

Mr. Jeffery D. Migit
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 238-7241(Facsimile)

Mr. Brian Trachtenberg
Pogach & Trachtenberg PLLC
4200 Montrose Blvd., Suite 590
Houston, Texas 77006
(713) 524-5401 (Facsimile)

/s/ D.J. Beaty
Martin P. Averill/Nugent D. Beaty, Jr.

## CERTIFICATE OF CONFERENCE

Counsel for Forest Oil Corporation has complied with the meet-and-confer requirements of Local Rule CV-7(h) and this Motion is opposed. The required personal conference was conducted by a teleconference between Mr. Nugent D. Beaty, Jr. and Mr. Brian Trachtenberg, attorney for the removing Defendants, on January 27, 2011. Mr. Trachenberg did not agree to a remand of this matter to state court or abstention and, thus, the discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ D.J. Beaty
Martin P. Averill/Nugent D. Beaty, Jr.